AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED
MAR 2 0 2020
David J. Bradley, Clerk

| | |
|---|---|
| United States of America<br>v.<br>Emily Julieta Gonzalez (1997/US)<br><br>*Defendant(s)* | )<br>)<br>) Case No. M-20-0787-M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 18, 2020** in the county of **Hidalgo** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841 | Possession of a Controlled Substance with Intent to Distribute / Approximately 10.5 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Approved 3/20/20
Angel Castro, AUSA

_____
Complainant's signature

Nicholas C. Stott, HSI Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/20/2020  8:33 am

_____
Judge's signature

City and state: McAllen, Texas

U.S. Magistrate Judge Peter E. Ormsby
_____
Printed name and title

**Attachment "A"**

I, Nicholas C. Stott, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On March 19, 2020, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the Hidalgo Police Department ("HPD") in Hidalgo, Texas. Officers with the HPD received a report of a vehicle theft by force on the evening of March 18, 2020. The incident was suspected of being drug related.

2. On March 18, 2020, Emily Julieta Gonzalez ("GONZALEZ") entered the United States from Mexico as the driver and registered owner of a 2004 Chevrolet sport utility vehicle ("SUV") at approximately 5:32pm. At approximately 5:59pm, the HPD received a report of a forceable vehicle theft on Jackson Road in Hidalgo Texas. HPD officers met with GONZALEZ who reported two male subjects entered the SUV and forcibly removed her from the SUV. The unidentified males subsequently left in the SUV. At approximately 30 minutes later, the SUV was found abandoned in Mission, Texas. The SUV was impounded and towed to the secure HPD impound facility. GONZALEZ consented to a search of the SUV.

3. On March 19, 2020, GONZALEZ voluntarily returned to the HPD to be interviewed regarding the vehicle theft. GONZALEZ also brought with her a spare key for the SUV. During the interview, GONZALEZ stated she suspected she was transporting something illegal into the United States from Mexico prior to the theft of the SUV.

4. A HPD K-9 narcotics detection team conducted a free air inspection on the SUV which resulted in a positive alert for the odor of controlled substance(s) emanating from the vehicle. The SUV was subsequently taken to the Hidalgo Port of Entry where the SUV was X-rayed, revealing anomalies in the rear seat area of the SUV. A subsequent search of the SUV revealed an aftermarket constructed concealed compartment under the rear seat. The compartment was opened, revealing nine (9) tape wrapped packages.

5. GONZALEZ was again interviewed by a HSI Special Agent and Task Force Officer where GONZALEZ stated she suspected she was transporting drugs into the United States from Mexico on March 18, 2020.

6. HSI SAs field tested the substance inside the packages which were presumptive positive for the properties and characteristics of cocaine. The weight of the nine (9) tape wrapped packages was approximately 10.5 kilograms.